On the record presented, we find no basis for holding that the action of the commission was arbitrary or capricious, and the courts may not substitute their •judgment for that of the commission. (Matter of O’Neill v. Finkelstein, 275 App. Div. 720; Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70.) Nolan, P. J., Johnston, Adel and MacCrate, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: I am aware that the Supreme *1058 Court may not substitute its judgment for that of the hearing officer where questions are presented, calling for the exercise of his discretion. It has the duty, however, of passing upon the question whether or not that discretion was abused, in the same manner that this court may and does reverse the action of Special Term of the Supreme Court, where it finds "from the record a palpable misuse of that discretion. The cases that reach this court, such as this one, come before us on the claim of such an abuse of authority on the part of the rent commission. I cannot intelligently pass upon that question without having before me a full record of the proceeding. The sketchy character of the records that come to us in these matters has been called to the attention of the attorneys for the rent commission on a number of occasions, but the records continue to be entirely inadequate. Here, the record, aside from the pleading and affidavits instituting the same, consists of appellants’ exhibits “ A ” to “ F ”. They are: A. The petition of the owner for a certificate of eviction; B. A letter from the petitioners’ doctor stating that Mrs. Kennedy, who, with her husband, is an owner of the property, is in ill health, and because of conditions prevalent in the quarters now occupied by the Kennedys, should move therefrom; C. A statement by the tenant that he and his wife and two children cannot find quarters without buying a house and that he must live in a house “ convenient ” to his place of business; D. A printed form called “ Order of Denial ”; B. Application for reconsideration; and F. The findings of the hearing officer which, aside from a brief statement of uncontroverted and irrelevant facts, are: “ I find no overcrowding for 2 people in this apt. Medical statement is insufficient proof to show need herein. The fact that this landlord may fail to furnish heat at times is not a compelling need in my estimation. Mrs. Kennedy had pneumonia when she was 7. She last had a case of pleurisy in Oct. 1948 when she continued working. I find no compelling need herein. Inconvenience of applicant in traveling to work is not a compelling need.” From this so-called record of the hearing, I conclude that there was here an abuse of discretion. The hearing officer brushes off the medical statement as insufficient. (He concedes that Mrs. Kennedy had pleurisy in October of 1948. This is the month that the present proceeding was instituted.) The hearing officer has no more power to substitute his judgment in medical matters for those of a qualified expert, without showing cause therefor, than we have to substitute our conclusions in matters of discretion for his.